IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00117-M

| | | |
|---|---|---|
| DARRELL HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE STATE OF NEW JERSEY et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Robert B Jones, Jr. in this case on April 15, 2024 [DE 8]. In the Recommendation, Judge Jones recommends that Plaintiff's application to proceed in forma pauperis be allowed, that the Complaint be dismissed, and that the motions for case conference, injunctive relief, and to expedite be denied as moot. DE 8 at 1, 9-10. Plaintiff timely objected to the Recommendation. DE 9.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

This case concerns state criminal charges brought against Plaintiff in New Jersey in 1996, and his efforts to expunge those charges (while residing in North Carolina) in 2023. *See generally* DE 1 at 2, 5-6, 11-13. The Recommendation observes "that venue is [not] proper in this district" because "Defendants are not alleged to reside in North Carolina and none of the events giving rise to the claims are alleged to have occurred in North Carolina." DE 8 at 6. Rather than transferring the case to the District of New Jersey, though, Judge Jones recommends dismissal of the Complaint because Plaintiff's "[Section] 1983 claims are time-barred." *Id.* at 6.

In his objection, Plaintiff raises several factual disputes to the Recommendation. *See* DE 9 at 2 (asserting that he never pleaded guilty to kingpin narcotics charges), 3 (averring that those charges were "fabricated" and placed on his record). But other than noting that he discovered of the alleged constitutional violations while living in North Carolina, Plaintiff does not dispute that this court is the wrong forum, and he is willing to "concede on the issue of venue." *Id.* at 5. Nevertheless, Plaintiff contends that he has "drafted a completely new complaint" that corrects the deficiencies identified in the Recommendation. *Id.* at 2. Plaintiff attaches an "Amended Complaint" as an exhibit, which spans 122 pages (more than double the length of his original Complaint). *See* DE 9-1 at 1-123.

The court has reviewed that exhibit and finds that it does not rebut the Recommendation's finding that venue is not proper in this district. In fact, the exhibit states that "[v]enue is proper in the United States District Count for the District of New Jersey," and that Plaintiff is now "an individual residing in Union County, New Jersey." DE 9-1 at 3, 6. The court further finds that, even if venue were proper here, Plaintiff's Amended Complaint would be subject to summary dismissal because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a ***short and plain*** statement of the claim") (emphasis

added); *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 703 (D. Md. 2017) (dismissing with prejudice "a meandering sixty-eight page narrative" for failure to comply with Rule 8); *Davis v. Shekita*, No. 5:12-CV-504-H, 2014 WL 2505485, at *4 (E.D.N.C. June 3, 2014) (as part of review under 28 U.S.C. § 1915(e)(2)(B), dismissing complaint that did not comply with Rule 8).

Rather than treat Plaintiff's Amended Complaint as the operative pleading and dismiss it with prejudice for failure to comply with Rule 8,[1] the court will exercise its discretion to dismiss (without prejudice) Plaintiff's original Complaint based on grounds of improper venue. Although Plaintiff may pursue his claims in the District of New Jersey, the court cautions him that "courts have unhesitatingly dismissed actions" for failure to comply with Rule 8's short and plain statement rule. *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). "[E]ven pro se litigants [must] state their claims in a[n] understandable and efficient manner." *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999).

Plaintiff's application to proceed in forma pauperis [DE 2] is GRANTED. The Recommendation [DE 8] is ADOPTED, and the Complaint [DE 1] is DISMISSED WITHOUT PREJUDICE. Further, Plaintiff's motions for case conference [DE 5], to expedite [DE 6] for injunctive relief [DE 7], for recusal of the magistrate [DE 13], and for a case conference [DE 14] are DENIED AS MOOT. The Clerk of Court is directed to close this case.

SO ORDERED this 16th day of July, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] At this stage of the proceedings, Plaintiff is authorized to amend his Complaint as a matter of course. Fed. R. Civ. P. 15(a)(1). But Plaintiff filed the Amended Complaint as an exhibit to his objections to the Recommendation, and it's not clear that he would like the court to treat that exhibit as the operative pleading. *See* DE 9 at 7.

3